Curia, per
O’Neall, J.
The grounds for non-suit, although variant in their terms, are in substance the same ; they both rely upon the supposition, that in point of fact, there was no evidence that the plaintiff was dismissed by the defendant.
The proof that the defendant had said, if the plaintiff did not do better he would turn him off, and that immediately afterwards he left, connected with the further declarations of the defendant after he did leave, that he did not turn him off, but that he had told him to do better, to which the plaintiff replied, if he had not pleased him, he could not do it; and, therefore, that defendant said to him, that he must then, get some one who could, would lead any mind to conclude, that although, perhaps, the defendant did not in words say to the plaintiff, you must quit my service, that yet he compelled the plaintiff to leave it. Under such circumstances, it is in vain to talk about a non-suit, the proof must go to the jury, and if it satisfies them, that the defendant forced the plaintiff to leave, then it is true in fact, as he alleges, that the defendant dismissed him.
fI hese remarks cover and dispose of all the grounds for *125 a new trial, except the fourth. That supposes, that there was error in the charge, in saying to them, if the defendant assented to the plaintiff quitting his service, that he could recover. This action is on the covenant, and there is no objection to the manner in which the plaintiff has set out his cause of action in his declaration. The covenant expressly provides, that if the defendant had cause to turn off the plaintiff before the end of the year, he was to be at liberty to do so, on giving to the plaintiff “ his (the defendant’s) obligation for the time he served, payable at the end of the year when his wages would be due, had he continued on.” This action was brought after the year had expired, so that the plaintiff’s right to demand payment for his services was perfect, and this verdict is right, if after leaving the defendant’s service, by mutual consent, he, the plaintiff, can stand on the original covenant, and recover on it. That is, I think, too plain to admit of doubt, when the covenant itself stipulates, that in that very event he shall be paid. All the confusion here, has arisen from what might have been the state of things, if there had been no provision of that kind in the covenant. Even then, if the defendant dismissed the plaintiff, or consented to his leaving his service, he might have regarded the special contract as ended, or stood upon it, giving either of these as his excuse for non-performance on his part, and recovered pro tanto. To this effect, is Rye vs. Stubbs, 1 Hill, 384. There, my brother Johnson' summed up by saying, “ The plaintiff had, therefore, the right to elect whether he would proceed on the original contract for the whole year’s wages, or to consider it as ended, and proceed on a quantum valebat for work and labour.”
These words apply, it is true, to the case where an overseer is dismissed, but they are, as I conceive, equally applicable to the case where the overseer leaves by consent of his principal. For if he dismisses him, and he goes into, other service, and receives an equivalent for the loss he sustains by losing the performance of his contract with the defendant, he, the plaintiff, could only recover pro tanto, still his action would be on the covenant. So, if he leaves him by consent, the consent waives the per *126 formance of the conditions precedent on his part, and entitles him to such damages as he has sustained by the defendant’s non-performance of his part.
The rule in pleading is, where there is a condition precedent, such as services to be performed, and in considerathereof, money is to be paid, there must be an averment of performance or an excuse for non-performance. 1 Chit. PI. 309. The excuse is perfect, if the defendant prevent the performance or consent to the non-performance. Here the last is shewn, and the question is, is not the plaintiff entitled to recover on the covenant! I think he is. But when it is remembered the covenant is, that he shall be paid in the very event which has happened, I am at a loss to perceive how his right to recover can be questioned.
The motion is dismissed.
Richardson, Evans, Butler and Wardlaw, JJ. concurred.